UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
NANCY  L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, TX   77002
Telephone:     (713) 718-4650
Fax:     (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| NORTH BAY GENERAL HOSPITAL | § | CASE NO. O8-20368-H4-11 |
| Debtor | § | |
| | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO
MOTION TO COMPROMISE CONTROVERSY PURSUANT TO BANKRUPTCY
RULE 9019 REGARDING ADVERSARY NOS. 08-3422 AND 08-3489**

TO:    HONORABLE JEFF BOHM
       UNITED STATES BANKRUPTCY JUDGE

COMES NOW, CHARLES F. McVAY, UNITED STATES TRUSTEE FOR THE

SOUTHERN DISTRICT OF TEXAS  ("UST") through the undersigned in furtherance  of his

administrative duties and files a limited objection to North Bay General Hospital's ("Debtor")

Motion To Compromise Controversy  ("Motion") with multiple parties in adversary numbers 08-

3422 and 08-3489, and would state as follows:

1.      Charles F. McVay is the United States Trustee for the Southern and Western Districts of

Texas.

2.      The UST is an officer of  the United States Department of Justice.  28 U.S.C. §581.  His

duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307,  and throughout the Bankruptcy Code. 11

U.S.C. §101 et. seq.

3.      The United States Trustee Program seeks to promote the efficiency and protect the

integrity of the bankruptcy system.  The specific responsibilities of the UST include, but are not

limited to, appointing and supervising private trustees, taking legal action to enforce the

requirements of the Bankruptcy Code and to prevent fraud and abuse; referring matters for

investigation and criminal prosecution when appropriate, ensuring that bankruptcy estates are

administered promptly and efficiently, and that professional fees are reasonable; appointing and

convening creditors' committees in Chapter 11 business reorganization cases; reviewing

disclosure statements and applications for the retention of professionals; and advocating matters

relating to the Bankruptcy Code and rules of procedure in court.  28 U.S.C. §586.

4.      In furtherance of these responsibilities, the UST  reviews motions to compromise

controversy to ensure that they properly disclose to creditors the terms and conditions on which

they have been made and also that they do not explicitly or implicitly restrict the ability of the

UST to carry out its responsibilities.

5.      Although the UST was not a party to the litigation or the proposed at issue, the UST may

raise, appear and be heard on any issue in any bankruptcy case or proceeding.  11 U.S.C. §307.

Therefore, the UST has standing to object and does object to the entry of any  order entered

approving the compromise between the parties unless the terms and conditions of the

compromise are fully disclosed and unless it is clear that the confidentiality and sanction

provisions contained in the compromise are not applicable to the UST or any other federal, state

or local law enforcement or regulatory agency.

7.      The UST objects to approval of the compromise as has been presently noticed to

creditors because the terms and conditions of the promissory note contemplated in the settlement

agreement between AMT and the Debtor or, as alternatively contemplated in the Motion

between AMT and Arent Fox LLP, have not been fully disclosed to creditors.   A copy of the

contemplated note should have been attached to the Motion noticed to creditors, or should be

made a part of the record by being offered in evidence and attached as an exhibit to the order

approving the settlement.

6.      The UST further objects to approval of the compromise without inclusion of the

following provision:

> 17.   Nothing contained in this Order Approving Motion To Compromise
> Controversy, the Motion to Compromise Controversy, the Comprehensive
> Mediated Settlement Agreement, any of the releases executed in relation to this
> compromise, or any future note or document to be executed in furtherance of this
> compromise shall be read or interpreted to preclude any party hereto or any
> person with information concerning the issues, actions, or matters raised in the
> proceedings being settled herein, except specifically with regard to the mediation
> itself, from discussing such information or responding to formal or informal
> requests for information from any federal, state or local governmental authority or
> regulatory agency of any kind, including, but not limited to the Office of the
> United States Trustee.

7.      The attorney for the UST contacted the parties to this compromise regarding the

provision requested in Paragraph 6 herein.  All parties to the compromise, except Arent Fox LLP

and Schuyler Carroll, have agreed to the inclusion of the requested

        WHEREFORE, THE UNITED STATES TRUSTEE PRAYS THAT this Court deny  the

Debtor's motion to compromise controversy unless any contemplated promissory note is

disclosed to creditors or otherwise made a part of the compromise record,  and until the

requested provision as set forth in paragraph 6 herein is included in the order approving

compromise.


DATED this the 25th day of August, 2009.


                                        CHARLES F. McVAY
                                        UNITED STATES TRUSTEE

                                        /s/ Nancy L. Holley
                                        NANCY L. HOLLEY
                                        TRIAL ATTORNEY
                                        State Bar No. 09875550
                                        515 Rusk, Suite 3516
                                        Houston, TX   77002
                                        (713) 718-4650 x232
                                        FAX (713) 718-4670


## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has discussed the matters contained in this objection

with both counsel for the Debtor and counsel for Arent Fox LLP and Schuyler Carroll on August

24, 2009,  in person or by conference call,  and on August 25, 2009,  by both telephone and e-

mail exchange.  The undersigned further certifies that she has previously forwarded the proposed

reservation of rights language to all of the parties or counsel for the respective parties to this

compromise and has received responses as noted in the objection above.


                                        /s/ Nancy L. Holley
                                        Nancy L. Holley
                                        Trial Attorney

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the <u>UNITED STATES TRUSTEE'S</u>

<u>OBJECTION TO MOTION TO COMPROMISE CONTROVERSY PURSUANT TO</u>

<u>BANKRUPTCY RULE 9019 REGARDING ADVERSARY NOS. 08-3422 AND 08-3489</u>

has been served by e-mail transmission upon Debtor by Debtor's counsel, and all of the parties

to the proposed compromise directly or by their counsel and by ECF transmission to all parties

requesting ECF notice on the 25th day of August, 2009.

<u>/s/ Nancy L. Holley</u>
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX   77002
(713) 718-4650
FAX (713) 718-4680

**Debtor**

North Bay General Hospital by Michael Durrschmidt at mdurrschmidt@hirschwest.com

**Debtor's  Counsel**

Michael Durrschmidt at mdurrschmidt@hirschwest.com

**Parties to the Proposed Compromise**

North Bay General Hospital by its counsel Michael Durrschmidt at

mdurrschmidt@hirschwest.com

Barnet B. Skelton, Jr.  and  Barnet B. Skelton Jr. PC at barnetbjr@msn.com

Daniel F. Patchin by Allison Miller@crusescott.com

Walker Wilcox Matousek Texas P.C. by Allison Miller@crusescott.com

Thomas McNaul by John Christy at jchristy@SWFLLP.com

AMT by John Christy at jchristy@SWFLLP.com

Clear Thinking Group by F. Teresa Garcia-Reyes at tgarcia-reyes@morganlewis.com

Joe Myers by F. Teresa Garcia-Reyes at tgarcia-reyes@morganlewis.com

Schuyler Carroll by Susan Jacks at SusanJacks@mehaffyweber.com

Arent Fox LLP by Susan Jacks at SusanJacks@mehaffyweber.com